UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA VECCHIO, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC,<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL**<br>(28 U.S.C. § 1441)<br><br>Removed From:<br>Supreme Court of the State of New York, County of New York<br>Index No. 652069/2019 |

**PLEASE TAKE NOTICE** that Defendants QUEST DIAGNOSTICS INCORPORATED, EXAMONE WORLD WIDE, INC., and EXAMONE LLC (collectively, "Defendants"), remove this action from the Supreme Court of the State of New York for the County of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441, and state that this Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA") as follows:

**I.      SUMMARY OF COMPLAINT.**

1.     On April 9, 2019, Plaintiffs filed a Summons and Complaint against Defendants Quest Diagnostics, Inc., ExamOne World Wide, Inc. and ExamOne LLC in the Supreme Court of the State of New York, County of New York, Index No. 652069/2019 (the "State Court Case").  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit 1.

2.     On May 23, 2019, Defendants accepted service of a copy of the Summons and Complaint.

3. Plaintiff brings this action as a class action[1] pursuant to "Rule 23 of the Federal Rules of Civil Procedure." (Ex. 1, ¶ 51.) Plaintiff seeks to represent a class of "[a]ll persons who were employed in the State of New York by Defendants as Mobile Examiners." (*Id.* at ¶ 53.)

4. Plaintiff's Complaint seeks to recover unpaid wages, unpaid overtime wages, unpaid spread of hours pay, statutory damages, liquidates damages, attorneys' fees and costs based on the following causes of action: (1) failure to pay Plaintiff and members of the putative class minimum and overtime wages for all hours worked pursuant to New York Labor Law and the corresponding New York Department of Labor regulations; (2) failure to pay Plaintiff and members of the putative class spread of hours pay; and (4) failure to provide wage notices pursuant to New York Labor Law § 195. (Ex. 1, ¶¶ 69-87.)

5. Plaintiff is currently prosecuting another lawsuit in this Court entitled *Maria Vecchio, on behalf of herself and all others similarly situated vs. Quest Diagnostics, Inc., ExamOne World Wide, Inc., ExamOne, LLC*, Case No. 1:16-cv-05165-ER-KNF (the "Federal Action"). A true and correct copy of the Federal Action Amended[2] Complaint is attached hereto as Exhibit 2.

6. The Federal Action was also filed on behalf of the exact same class (Mobile Examiners who visit patients (most commonly insurance applicants) at their homes or places of business, and conduct physical examinations and basic lab work for the purposes of insurance and benefits eligibility and underwriting) under federal law based on the exact same underlying alleged facts and circumstances. *Compare* Ex. 2, ¶¶ 1, 64-66, 70, 72-74, 76, 80-81, 85, 100-102,

---

[1] Defendants do not concede, and reserve the right to contest, Plaintiff's allegations that any individuals are similarly situated to Plaintiff and that this lawsuit may properly proceed as a class action.

[2] Interestingly, Plaintiff originally alleged in the Federal Action the exact same New York state law-based causes of action that Plaintiff now alleges in the State Court Action, but later dismissed those state law claims without prejudice. (*See* Case No. 16-cv-05165, ECF Nos.477, 489.)

106, 121, 129, 133, 138-140, 146, 175, 191 *with* Ex. 1, ¶¶ 1, 3-6, 17-19, 21-22, 27, 32, 37, 40-42, 44-45, 51-53, 59.

7. The opt-in class in the Federal Action consists of approximately 2,950 Mobile Examiners.

## II.    REMOVAL IS TIMELY.

8. Because Defendants accepted service of the Summons and Complaint on or about May 23, 2019, this Notice of Removal is timely, as it is filed within thirty (30) days of service. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pip Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day deadline to remove commences upon service of the summons and complaint).

9. No previous Notice of Removal has been filed with this Court.

## III.    THIS COURT HAS DIVERSITY JURISDICTION.

10. Removal of this action from the Supreme Court of the State of New York, County of New York to the federal district court is proper under 28 U.S.C. § 1441(b). First, the matter is between citizens of two different states. Plaintiff is a citizen of the State of New York. (Ex. 1, ¶ 9.) Defendant ExamOne World Wide, Inc. is a Pennsylvania corporation whose principal place of business is in Kansas. (*Id.* at ¶ 10.) Plaintiff also alleges that ExamOne LLC is a Delaware corporation whose principal place of business is in New Jersey. (*Id.* at ¶ 13.) Finally, Plaintiff correctly alleges that Quest Diagnostics is a Delaware corporation whose principal place of business is in New Jersey. (Ex. 1, ¶ 15.)

11. Second, while the Complaint does not specify a damages amount, complete diversity of citizenship exists because Plaintiff unequivocally alleges at least $75,000 in damages exclusive of interest and costs.

12. Pursuant to Section 103 of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), which amended 28 U.S.C. §1446(c), if the state court plaintiff did not allege the amount in controversy in the state court complaint and the plaintiff seeks "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then defendant may specify the amount in controversy in the notice of removal and establish that it exceeds $75,000 by a preponderance of the evidence. *See* 28 U.S.C. §1446 (c)(2)(A)(ii) and (2)(B). Here, New York State practice "permits recovery of damages in excess of the amount demanded." *See* 28 U.S.C. §1446 (c)(2)(A)(ii). The New York Supreme Court - in which Plaintiffs filed their lawsuit - has jurisdiction over civil matters involving more than $25,000. The rules of the Supreme Court do not limit a plaintiff's damages to $25,000; a plaintiff can recover more than that. *See* NY CPLR § 325(d); NY CLS NYC Civil Ct Act § 201 (New York Supreme Court has jurisdiction over civil cases beyond the monetary limits of the lower courts' jurisdiction, *i.e.*, involving amounts over $25,000).

13. Plaintiff alleges four causes of action against Defendants: (a) failure to pay minimum wage under NY Labor Law § 65, (b) failure to pay overtime under NY Labor Law § 652, 12 NYCRR § 142-2.2 (c) failure to pay spread-of-hours Under NY Labor Law § 652, 12 NYCRR § 142-2.2, and (d) violation of New York's Wage Theft Prevention Act, NY Labor Law § 195.

14. Plaintiff seeks (a) all unpaid minimum wages and an additional equal amount as liquidated damages; (b) unpaid overtime wages and an additional equal amount as liquidated damages, (c) unpaid spread-of-hours pay, as well as an additional equal amount as liquidated damages, (d) monetary damages for violations of the New York Wage Theft Prevention Act (e)

pre-judgment and post-judgment interest, pursuant to New York CPLR §§ 5001 and 5004; (f) the costs of the action together with reasonable attorney's fees pursuant to NY Labor Law §§ 198 and 663(1); and (g) actual general, special, incidental, statutory, punitive, treble, liquidated, and consequential damages to be determined at trial.  (Ex. 1, ¶¶ 73, 78, 82, 87, Request for Relief.)

15. Reported case law and the news media is replete with jury verdicts and settlements under the New York State wage laws that exceed $75,000 for a single plaintiff.  *See Barragan Martinez v. Danny's Athens Diner, Inc., et al.*, 16-cv-07468, 2017 Jury Verdicts LEXIS 18273 (S.D.N.Y. Dec. 12, 2017) (jury awarded plaintiff $788,491.10, plus attorneys' fees, in unpaid minimum wage and overtime case); *Guaman v. DL Rest. Dev., LLC d/b/a Scalini Fedeli, et al.*, 14-cv-02587, 2017 Jury Verdicts LEXIS 18378 (S.D.N.Y. Jan. 31, 2017) (plaintiff received a $150,000 settlement for his claims of failure to pay minimum and overtime wages in violation of the New York Labor Law and the Wage Theft Prevention Act); *Garcia v. Arsim Assocs., Inc. d/b/a Lenox Hill Grill & Pizza, et al.*, 14-cv-08527, 2015 Jury Verdicts LEXIS 28825 (S.D.N.Y. Dec. 15, 2015) (jury found in favor of plaintiff in failure to pay minimum wage and overtime case and awarded him $207,887).

16. Defendants in no way concede that Plaintiff is entitled to any damages in the instant case, but cite the above examples to demonstrate that the amount in controversy - according to Plaintiff - surely exceeds $75,000 exclusive of interests and costs.  Moreover, an estimate of the amount in controversy with respect to Plaintiff's individual claims is included in Paragraphs 33, 37, and 42 below.  As shown, a conservative estimate shows that Plaintiff seeks at least $34,954.62 in alleged damages, *plus* attorneys' fees and costs.

## IV. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO CAFA.

17. Removal is also proper pursuant to CAFA. CAFA confers jurisdiction on this Court because (1) the putative class includes 100 or more members; (2) minimal diversity exists; and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). Defendants have met their burden because all three of CAFA's requirements are satisfied in this case.

### A. The Putative Class Consists of at least 100 Proposed Class Members.

18. The putative class in this case is defined as "[a]ll persons who were employed in the State of New York by Defendants as Mobile Examiners (or similar job position), whether designated as independent contractors or employees, at any time in the six years prior to the filing of this complaint." (Ex. 1, ¶ 53.) The complaint alleges a putative class of "hundreds if not thousands of individuals." (*Id.* at ¶ 57.) By Plaintiff's own allegations, there are at least 100 members in the proposed class.

### B. Minimal Diversity Exists.

19. Minimal diversity exists because at least one "member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges she is a citizen of the New York. (Ex. 1, ¶ 9.) Defendant Quest Diagnostics, Inc. is a Delaware corporation with its principal place of business in New Jersey. (*Id.* at ¶ 15); *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.")

20. Based on the Complaint, at least one member of the putative class is a citizen of a state different from that of one defendant.

6

### C. The Amount in Controversy Exceeds $5,000,000.

21. Although Defendants deny Plaintiff's allegations and further deny that Plaintiff and/or any putative class member is entitled to any relief, Defendant can establish to a "reasonable probability" that the aggregate claims of the putative class "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In removing a case under CAFA, a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (CAFA's "provisions should be read broadly"); *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013) (the party seeking removal "must show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million.").

22. Once the party seeking removal has satisfied its burden of demonstrating that the amount in controversy has been met, plaintiff can defeat jurisdiction only by establishing "to a legal certainty" that the amount in controversy does not meet the $5,000,000 threshold. *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (plaintiff must demonstrate that the "legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim.").

#### i. Members of the Putative Class.

23. Plaintiff alleges she was employed as a Mobile Examiner. (Ex. 1, ¶ 17.)

24. To this end, she broadly defines the putative class members as:

> All persons who were employed in the State of New York by Defendants as Mobile Examiners (or similar job position), whether designated as independent contractors or employees, at any time in the six years prior to the filing of this Complaint.

(Ex. 1, ¶ 53.)

7

25. Since approximately April 9, 2013 – six years before the complaint was filed – approximately 774 Mobile Examiners in the State of New York, including Plaintiff, have worked for Defendants.

   a. *Minimum Wage.*

26. Plaintiff does not identify the number or average number of work weeks for which each member of the putative class was employed by Defendants, nor does she specify the number of hours (or overtime hours) each putative class member worked during the class period.

27. Plaintiff alleges Mobile Examiners receive an average of $20.00 per exam, despite spending "numerous hours" performing the exams, "conducting extensive pre and post-exam work," and "traveling to and from exams." (Ex. 1, ¶¶ 36-37.)

28. In her deposition in the Federal Action, Plaintiff testified that during her employment, it would take her approximately the following lengths of time to "complete" a single exam:

- Pre-Exam Work: 60 minutes
- Travel: 15 – 90 minutes (average of 52.5 minutes)
- Exam: 20 minutes – 3 hours (average of 100 minutes)
- Post-Exam Work: 15 minutes

(*See* Deposition of M. Vecchio, attached hereto as <u>Exhibit 3</u>, 50:4-17; 56:1-7 (about "95 percent of the time" it took Plaintiff more than an hour to do pre-exam prep work); 58:21-60:20; 68:21-69:7.)

29. Based on Plaintiff's own testimony, it takes an average of 3.8 hours to "complete" a single exam. Thus, Plaintiff allegedly made $5.26 per hour.[3] ($20.00/exam ÷ 3.8 hours).

30. Plaintiff testified that she worked for Defendant from January 2014 to "late 2015, early 2016." That totals 52 weeks from January 2014 to December 2014; 52 weeks from January 2015 to December 2015, and (assuming she stopped working for Defendants in or around February 12, 2016 – *see* Ex. 2, Federal Action, ¶ 96), another 5 weeks in 2016.

31. The minimum wage in New York during this time was:

- Dec. 31, 2013 – Dec. 30, 2014 - $8.00 ("underpayment" of $2.74)
- Dec. 31, 2014 – Dec. 30, 2015 - $8.75 ("underpayment" of $3.49)
- Dec. 31, 2015 – Dec. 30, 2016 - $9.00 ("underpayment" of $3.74)

32. Plaintiff alleges Mobile Examiners work "more than 40 hours a week." (Ex. 1, ¶ 40.)

33. With a conservative estimate that each Mobile Examiner worked 41 hours a week (in light of the claims of overtime), at $5.26 hour, this totals:

- In 2014: ($2.74 underpayment x 41 hours a week x 52 weeks) = $5,841.68
- In 2015: ($3.49 underpayment x 41 hours a week x 52 weeks) = $7,440.68
- In 2016: ($3.74 underpayment x 41 hours a week x 5 weeks) = $766.70
- TOTAL UNPAID WAGES (based on failure to pay minimum wage) = $14,049.06

34. Assuming Plaintiff's circumstances adequately reflect that of the Putative Class, this means the total unpaid wages for the Putative Class for only the first cause of action equals $10,873,972.40 ($14,049.06 x 774 Mobile Examiners).

---

[3] This number is even lower when taking into account Plaintiff's claims of unpaid expenses, such as gas, tolls, parking, mileage, medical equipment, paper, toner/ink, etc., which allegedly "total hundreds of dollars a week." (Ex. 1, ¶¶ 32-35.)

9

35. As Plaintiff and the Class Members also seek "liquidated damages equal to 100% of the total wages found to be due," Plaintiff and the Class may recover $21,747,944.80 for just the *first* claim in this lawsuit. This number more than exceeds the $5,000,000 CAFA threshold.

      b. *Overtime.*

36. Plaintiff alleges Mobile Examiners "frequently work more than 40 hours a week." (Ex. 1, ¶ 40.)

37. Assuming "frequently" could mean every other week, the following calculation applies:

- In 2014: (1 hour of overtime x ($8.00 x 1.5) x 26 weeks) = $312.00
- In 2015: (1 hour of overtime x ($8.75 x 1.5) x 26 weeks) = $341.25
- In 2016: (1 hour of overtime x ($9.00 x 1.5) x 2 weeks) = $27.00
- TOTAL UNPAID OVERTIME (based on a conservative estimate of 1 hour of overtime every two weeks) = 680.25

38. Assuming Plaintiff's circumstances adequately reflect that of the Putative Class, this means the total unpaid wages for the Putative Class for only the first cause of action equals $526,513.50 ($680.25 x 774 Mobile Examiners).

39. As Plaintiff and the Class Members also seek "liquidated damages equal to 100% of the total wages found to be due," Plaintiff and the Class may also recover $1,053,027.00 for the second cause of action in this lawsuit. (Ex. 1, ¶ 78.)

      c. *Spread of Hours.*

40. Plaintiff alleges "Mobile Examiners also log more than ten hours in a single day or log multiple shifts in a single day spanning more than ten hours." (Ex. 1, ¶ 41.) Plaintiff also contends she "routinely worked more than ten hours a day."

41.     A conservative estimate, based on Plaintiff's own allegations, is that she worked more than ten hours in a day approximately three times a week (i.e. every other day).

42.     Assuming Plaintiff was entitled to "an extra hour of pay at the basic minimum wage rate for each day Plaintiff had a spread of hours in excess of ten hours per day" (Ex. 1, ¶ 81), the following calculation applies:

- In 2014: (1 hour of pay x 3 days a week x $8.00 x 52 weeks) = $1,248.00

- In 2015: (1 hour of pay x 3 days a week x $8.75 x 52 weeks) = $1,365.00

- In 2016: (1 hour of pay x 3 days a week x $9.00 x 5 weeks) = $135.00

- TOTAL UNPAID SPREAD OF HOURS PAY (based on a conservative estimate of 3 hours of unpaid spread of pay each week) = $2,748.00

43.     Assuming Plaintiff's circumstances adequately reflect that of the Putative Class, this means the total unpaid wages for the Putative Class for only the first cause of action equals $2,126,952.00 ($2,748.00 x 774 Mobile Examiners).

44.     As Plaintiff and the Class Members also seek "liquidated damages equal to 100% of the spread-of-hours pay found to be due," Plaintiff and the Class may recover $4,253,904.00 for *just* the third cause of action.  (Ex. 1, ¶ 82.)

    ii.     <u>Plaintiff's Complaint Also Seeks Attorneys' Fees.</u>

45.     In addition, the Complaint seeks "reasonable attorney's fees…pursuant to New York Labor Law § 663(1)." (Ex 1 at ¶ 73.)  Attorneys' fees are properly included in the amount in controversy calculation where, as here, they are anticipated or awarded in the governing statute. *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 298 (E.D.N.Y. 2005).  A reasonable amount of attorneys' fees in a wage and hour class action is up to one-third of the total recovery. *Fields v. Sony Corp. of Am.*, 13-cv-6520, 2014 U.S. Dist. LEXIS 109249, *8 (S.D.N.Y. Aug. 4,

11

2014). Thus, based on the foregoing calculation, and applying the one-third rule set forth in *Fields*, Plaintiff's attorneys' fees may be as high as $9,018,291.93 (1/3 of all potential recovery).

46. Thus, the amount in controversy - including the foregoing claims and attorneys' fees - is approximately $36,073,167.70, exclusive of interest and costs. As this amount exceeds $5,000,000, the monetary threshold requirement for CAFA is met.

## V.   ALL OTHER REQUIREMENTS OF REMOVAL HAVE BEEN MET.

47. Pursuant to 28 U.S.C. § 1446(d), service and notice of the filing of this Notice of Removal will be given to Plaintiff through her attorneys of record. A true and correct copy of this Notice of Removal will also be filed with the Clerk of Court for the Supreme Court of the State of New York, County of New York.

48. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached hereto. (Ex. 1.)

WHEREFORE, Defendants Quest Diagnostics, Inc., ExamOne World Wide, Inc. and ExamOne LLC respectfully pray that this matter, now pending in the Supreme Court of the State of New York, County of New York, Index No. 652069/2019, be removed to the United States District Court for the Southern District of New York.

Date:  New York, New York          BAKER MCKENZIE LLP
       June 3, 2019


                                   By: /s/ Robert P. Lewis
                                       Robert P. Lewis (RL 6321)

                                       452 Fifth Avenue
                                       New York, New York 10018
                                       Tel:  (212) 891-3532
                                       Fax:  (212) 310-1600
                                       robert.lewis@bakermckenzie.com

                                       Attorneys for Defendants Quest
                                       Diagnostics, Inc., ExamOne World Wide,
                                       Inc. and ExamOne LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Notice of Removal in the above-captioned matter was served upon the following persons on June 3, 2019 via First Class Mail:

>Danielle J. Marlow, Esq.
>Salvatore C. Badala, Esq.
>NAPOLI SHKOLNIK PLLC
>360 Lexington Avenue, 11th Floor
>New York, New York 10017

>By:   /s/  Robert P. Lewis
>Robert P. Lewis
>Attorneys for Defendants Quest Diagnostics, Inc., ExamOne World Wide, Inc. and ExamOne LLC