**NAPOLI SHKOLNIK** PLLC
ATTORNEYS AT LAW

May 31, 2023

<u>VIA ECF</u>
The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re: *Vecchio v. Quest Diagnostics, Inc. et al.*, Case No. 1:16-cv-05165-ER-KNF and**
**        *Vecchio v. Quest Diagnostics, Inc. et al.*, Case No. 1:19-cv-05194-ER-KNF**

Dear Judge Ramos:

In accordance with the Court's Opinion and Order (Dkt. 62), the parties submit the enclosed Amended Settlement Agreement and related documents. By way of this letter, the parties summarize the modifications made to address the issues and directives enumerated in the Opinion and Order.

- The definition of the term "Claimant" was amended to mean "Named Plaintiff, each FLSA Collective Member, and each Class Member who timely submits a claim form in accordance with Section 3.8 of this Agreement."[1] By virtue of this revised definition and other related amendments, the Agreement now requires that release FLSA claims, all Claimants must have signed, submitted, and filed written consent to join the FLSA collective by: (1)submitting a claim form, which will accompany the Notice of Settlement, by the Bar Date, which shall be sixty (60) days after the mailing of the Notice; or (2) having previously submitted a consent to join form (pursuant to the 2018 nationwide notice).[2] Thus, FLSA Collective Members (approximately 2,900 individuals) will automatically be deemed Claimants and will be bound by the Settlement.[3]

- In light of the amendments requiring the submission of a consent form or claim form to effectuate an FLSA release, the language regarding endorsement of settlement checks as an opt-in mechanism was eliminated from the Agreement.

- The definition of the term "Participating Class Member" was amended to mean "a Class Member who does not opt-out in the manner prescribed in Section 3.6 of this Agreement but does not submit a claim form in the manner prescribed in Section 3.8 of this Agreement."[4] This new definition clarifies that the term "Participating Class Members" does not include "Claimants."[5] Thus, Class Members who choose to do nothing (i.e., neither opt out nor opt in) shall be deemed Participating Class Members, shall receive an individual settlement

---

[1] Amended Joint Stipulation and Release at 2, § 1.2.
[2] *Id.* at 9, § 3.5 (C)(1); *Id.* at 11-12, § 3.8 A)-(B).
[3] *Id.* at 9, § 3.5 (C)(2).
[4] *Id.* at 3, § 1.15.
[5] *Id.*

payment, and release New York State Labor Law claims.[6]  Further, the amendments clarify that "Class members who opt-out of the Settlement will not receive their Individual Settlement Payment and will not release any claims."[7]

- Lastly, the parties addressed your Honor's concerns regarding the Fairness Hearing Date by making clear that it shall take place "after the deadline for the Collective Members to opt in" and that "no Fairness Hearing will be held, and no final settlement agreement will be issued, until at least fourteen (14) days after the Bar Date."[8]

We thank Your Honor for considering these amendments and are available to discuss any remaining issues at the Court's convenience.

Respectfully Submitted,

/s/ *Salvatore C. Badala*
Salvatore C. Badala  (SB 1587)
Napoli Shkolnik PLLC
400 Broadhollow Road, Suite 305
Melville, NY 11747
Email:SBadala@Napolilaw.com
Tele: 212-397-1000
Fax:  646-843-7603

*Attorneys for Plaintiff and the Class*

/s/ *Robert P. Lewis*
Robert P. Lewis
Epstein Becker & Green, P.C.
875 Third Avenue
New York, NY 10022
Email: RPLewis@ebglaw.com
Tele: 212.351.3710
Fax: 212.88.8600

*Attorneys for Defendants*

---

[6] *Id.* at 9, § 3.5 (C)(3).
[7] *Id.*
[8] *Id.* at 12, § 3.10.