UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA VECCHIO, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br>v.<br><br>QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC,<br><br>                    Defendants. | Civil Action No.: 1:16-cv-05165-ER-KNF |
| MARIA VECCHIO, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br>v.<br><br>QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC,<br><br>                    Defendants. | Civil Action No.: 1:19-cv-05194-ER |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, SERVICE AWARD, ATTORNEYS' FEES AND EXPENSES, ADMINISTRATION COSTS AND THE ENTRY OF FINAL JUDGMENT**

Before the Court is an Unopposed Motion for Final Approval of Class and Collective Action Settlement, Service Award, Attorneys' Fees and Expenses, Administration Costs and the Entry Of Final Judgment Amended ( "Final Approval Motion" or "the Motion") by Named Plaintiff, Maria Vecchio,

for entry of an order finally approving the Amended Joint Stipulation of Settlement and Release ("the Settlement Agreement") in the above-captioned actions, *Maria Vecchio, individually and on behalf of all others similarly-situated v. Quest Diagnostics, Inc., ExamOne World Wide, Inc., and ExamOne LLC*, Case No. 1:16-cv-05165-ER-KNF (the "FLSA Litigation"), and *Maria Vecchio, individually and on behalf of all others similarly-situated v. Quest Diagnostics, Inc., ExamOne World Wide, Inc., and ExamOne LLC*, Case No. 1:19-cv-05194-ER (the "NY Law Litigation"). Upon due and adequate notice having been given to Participating Class Members and Claimants, as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein to determine the fairness of and final approval of the Parties' Settlement Agreement on behalf of the Plaintiff and Fair Labor Standards Act ("FLSA") Members (referred collectively as "Claimants") and the Rule 23 New York class action Participating Class Members (referred collectively with the FLSA Claimants as "Class Members") and otherwise being fully informed and for good cause shown, the Court finds that the Settlement reached by the parties is fair, reasonable, adequate, and in the best interests of the Class Members and satisfies all requirements of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and of the FLSA.

Having considered the Final Approval Motion, and the supporting declarations, the oral argument presented at the June 26, 2024 Fairness Hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing, and for good cause shown,

It is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. Except as otherwise specified here, this Order incorporates by reference the definitions in the Amended Joint Stipulation of Settlement and Release and all exhibits, addendums and stipulations thereto.

2. The Court has jurisdiction over the claims asserted in this matter and over the Parties to this matter.

3. In accordance with the Preliminary Approval Order and in the absence of any objections from Class Members to such certification, the Court finds that Participating Class Members meet all requisites for class certification pursuant to Fed. R. Civ. P. 23, and further finds that Claimants are similarly situated withing the meaning of the FLSA, for purposes of determining whether the terms of settlement are fair. Accordingly, for purposes of effectuating the parties' settlement, the Court grants final certification of the Class and the FLSA Collective action.

4. The Court finds that the mailing and distribution of the Notice of Class & Collective Action Settlement constituted the best notice practicable under the circumstances, and that such notice to Class Members whose mailing addresses and other contact information were identified through reasonable effort, constituted valid, due, and sufficient notice to all persons entitled thereto, in accordance with the requirements of Fed. R. Civ. P. 23, the Fair Labor Standards Act, and due process.

5. By (a) not timely excluding themselves from these actions within the time provided in the Settlement Agreement, the Participating Class Members, and (b) timely submitting consent to join and/or claim forms, Claimants: (1) provided Named Plaintiff (as Class and Collective Action Representative) and Class Counsel with apparent authority to negotiate and execute a settlement of any and all claims they may have against *Quest Diagnostics, Inc., ExamOne Worldwide, Inc., and ExamOne LLC*, and (2) consented and agreed to be bound by any judgment of the Court or any settlement of this matter that the Court reviews and determines to be fair and reasonable.

6. The Court approves the Settlement Agreement as fair, adequate, and reasonable, and

binding on Plaintiff, Claimants, and all Participating Class Members. Likewise, the determination of the Individual Settlement Payment, as set forth in the Settlement Agreement and its accompanying exhibits, is approved as a fair, equitable, and reasonable allocation of the Gross Settlement Fund. Accordingly, the Settlement Agreement is hereby approved in accordance with the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, and Fed. R. Civ. P 23, and it shall be administered according to its terms.

7. The Court confirms as final the appointment of Named Plaintiff, Maria Vecchio, as representative of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

8. The Court further confirms as final the appointment of Napoli Shkolnik PLLC as Class Counsel for the Participating Class Members and FLSA Collective Members pursuant to Fed. R. Civ. P 23 and for individuals who opted into the litigation pursuant to 29 U.S.C. § 216(b).

9. The Court hereby makes the following findings of fact: (a) Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts, and relevant documents. During the prosecution of the litigation, Class Counsel and Defendants' counsel undertook meaningful and sufficient investigation and the parties exchanged sufficient and adequate discovery to fully and fairly evaluate the claims and defenses asserted by the parties, and to make an informed decision about the Settlement; (b) the Settlement Agreement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation; and (c) the Settlement Agreement is also substantively fair considering (1) the complexity, expense and likely duration of the litigation, (2) the stage of the proceedings and the amount of discovery completed, (3) the risks of establishing liability and damages, (4) the risks of maintaining the class action through the trial, (5) the lack of any objections, (6) the ability of the

defendants to withstand a greater judgment, (7) the Settlement Fund amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation; and (8) the Class's reaction to the Settlement Agreement was positive, as no Class Member objected to the Settlement Agreement.

10. The Court hereby grants the Motion for Attorneys' Fees and awards Class Counsel the requested fees of $366,666.67 (one-third of the Settlement Fund), plus additional costs and expenses of $354,724.22, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable. The award of attorneys' fees and costs totaling Seven Hundred and Twenty-One Thousand, Three Hundred and Ninety Dollars and Eighty-Nine Cents ($721,390.89). shall be paid from the Gross Settlement Fund, subject to and in accordance with the terms of the Parties' Settlement Agreement.

11. The Court approves and finds reasonable the service award of Ten Thousand Dollars ($10,000) to the Named Plaintiff, in recognition of the services she rendered on behalf of the class. This amount shall be paid from the Gross Settlement Fund, subject to and in accordance with the terms of the Parties' Settlement Agreement.

12. The Court approves and finds reasonable the payment of the Settlement Administrator's fees to Angeion Group in the amount of One Hundred Forty-Five Thousand Dollars and Zero Cents ($145,000.00) which shall be paid from the Gross Settlement Fund, in accordance with the modified terms of the Parties' Settlement Agreement.

13. By operation of this Order, the releases contained in the Settlement Agreement are approved and judicially endorsed and Plaintiff, Claimants, and all Participating Class Members have been deemed to release claims against Defendants in accordance with the releases contained in the Settlement Agreement.

14. The Court hereby fully and finally dismisses the FLSA Litigation and the NY Law Litigation in their entirety and with prejudice, permanently enjoining Plaintiff, Claimants, and all Participating Class Members from pursuing and/or seeking to reopen claims that have been released by this Settlement Agreement.

15. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

Dated: New York, New York
      June 26, 2024

SO ORDERED:

_____
HON. EDGARDO RAMOS UNITED STATES DISTRICT JUDGE